**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMBA CORPORATION, *et al.*, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 22-4779 (KMW-AMD) <br><br> **MEMORANDUM OPINION AND ORDER** |

THIS MATTER comes before the Court upon the filing of Plaintiff Choice Hotels International, Inc.'s, ("Plaintiff") Motion to hold Defendants AMBA Corporation and Kamlesh Patel ("Defendants") in contempt for non-compliance with this Court's Order issued on October 13, 2023; and

WHEREAS, the Court granted Plaintiff's Motion for Preliminary Injunction on October 13, 2023, (ECF No. 42), restraining Defendants from utilizing any of the marks in the ECONO LODGE® Family of Marks at the subject property in connection with the provision of hotel services; and

WHEREAS, the Court issued a Contempt and Seizure Order on April 4, 2024, (ECF No. 69), due to Defendants noncompliance, where the Court found that Defendants continued to make unauthorized use of the ECONO LODGE® Family of Marks at the subject property; and

WHEREAS, on April 26, 2024, pursuant to the Contempt Order, the United States Marshal Service conducted a seizure at the hotel located at the subject property, which resulted in the removal of the ECONO LODGE® signage from the property; and

WHEREAS, on May 15, 2024, Defendants were in partial compliance with the order, and through the various conferences through May and June 2024, Plaintiff agreed to accept a rebranding of the subject property to "The Bellmawr Economy Inn" and "indicated that it would prefer [Defendants] to move off the red/white color scheme which is reminiscent of" the infringing mark, (ECF No. 84); and

WHEREAS, Defendants changed their signs during the summer of 2024 to one with red lettering and white background, and eventually added "Bellmawr" in small script to the main podium sign, which Plaintiff believed was insufficient to differentiate Defendants' signs from the ECONO LODGE® Family of Marks, filing a notice of non-compliance and pending Contempt Motion, (ECF No. 84), on August 14, 2024; and

WHEREAS, Defendants former counsel withdrew from the matter and was replaced in November of 2024, (ECF Nos. 85, 87, 91); and

WHEREAS, Plaintiff informed the Court on March 14, 2025, (ECF No. 103), that it believes that Defendants remain in non-compliance, and provided updated images regarding the signage at the subject property; and

WHEREAS, Defendants opposed the Contempt Motion on March 14, 2025, (ECF No. 104), asserting that their most recent change in signage brought them into compliance, and that Plaintiff did not have the sole right on utilizing red signage; and

WHEREAS, to establish civil contempt, the movant must show by clear and convincing evidence that (1) a valid court order existed; (2) defendants had knowledge of the order; and (3) defendants disobeyed the order, *Arro-Mark Co. LLC v. Warren*, No. 22-6663, 2024 WL 1328045 at *1 (D.N.J. Mar. 28, 2024) (citing *Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995)); and

WHEREAS, the parties do not contest that there is a valid court order that exists, and Defendants have knowledge of this order; and

WHEREAS, the pertinent aspects of the Order are:

> Defendants AMBA Corporation and Kamlesh Patel, their agents, servants, employees and all those in active concert with them, are hereby enjoined and restrained from:
>
> a. Using any of the marks in the ECONO LODGE® Family of Marks, including but not necessarily limited to, the marks appearing in the '642 Registration; the '518 Registration; the '530 Registration; the '688 Registration; the '065 Registration; the '067 Registration; and the '199 Registration, or any mark confusingly similar thereto, in connection with the provision of hotel/motel services at the Subject Property;
> b. Otherwise infringing upon the ECONO LODGE® Family of Marks or using any similar designation, alone or in combination with any other components;
> c. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of goods and services offered by AMBA Corporation and Kamlesh Patel;
> d. Causing a likelihood of confusion as to AMBA Corporation's and/or Kamlesh Patel's affiliation, association, connection or sponsorship with Choice Hotels and the ECONO LODGE® Family of Marks.

(ECF No. 42); and

WHEREAS, to prove a "likelihood of confusion" with regard to consumers viewing a mark, a plaintiff "must show that consumers viewing the mark would probably assume the product or service it represents is associated with the source of a different product or service identified by a similar mark." *Sabinsa Corp. v. Creative Compounds, LLC*, 609 F.3d 175, 182 (3d Cir. 2010);[1] and

---

[1] The factors that may indicate a likelihood of confusion are:
(1) the degree of similarity between the owner's mark and the alleged infringing mark;
(2) the strength of the owner's mark;

3

WHEREAS, "[t]he proper test [for mark similarity] is not a side-by-side comparison but, rather, whether the labels create the same overall impression when viewed separately. Overall impression is created by the sight, sound, and meaning of the mark." *Id.* at 183; and

WHEREAS, marks are seen as confusingly similar "if ordinary consumers would likely conclude that [the two products] share a common source, affiliation, connection, or sponsorship." *Id.*; and

WHEREAS, the Court is not concerned as to whether there is some confusing similarity between sub-parts of the marks; the overarching question is whether the marks, viewed in their entirety, are confusingly similar. *Am. Orthodontics Corp. v. Atl. Dental, Inc.*, No. 17-8098, 2017 U.S. Dist. LEXIS 202686 at *9 (D.N.J. Dec. 7, 2017) (internal citation omitted); and

WHEREAS, a defendant should not be found in contempt of an order "if there is reason to doubt the wrongfulness of defendant's conduct." *Arro-Mark Co. LLC,* 2024 WL 1328045 at *1 (citing *Harris*, 47 F.3d at 1326). The resolution of any ambiguities should favor the party charged with contempt. *Id.*; and

WHEREAS, the Court reviewed the photos of the subject property provided by Plaintiff on March 14, 2025 (ECF No. 103); and

---

(3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase;
(4) the length of time the defendant has used the mark without evidence of actual confusion arising;
(5) the intent of the defendant in adopting the mark;
(6) the evidence of actual confusion;
(7) whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media;
(8) the extent to which the targets of the parties' sales efforts are the same;
(9) the relationship of the goods in the minds of consumers because of similarity of functions; and
(10) other factors suggesting the consuming public might expect the prior owner to manufacture a product in the defendant's market or that he is likely to expand into that market.
*See Sabinsa Corp.*, 609 F.3d at 182.

4

WHEREAS, the Court notes that the photos provided on March 14, 2025 of the subject property shows several distinct differences between the ECONO LODGE® Family of Marks that were used on the Subject Property in 2022, specifically:

- The podium signage displays the agreed upon name "Bellmawr Economy Inn,"
- The signage has a different typeface from the ECONO LODGE® Family of Marks, with the wording in capital letters,
- The signage has white lettering on a dark red background, with no other symbols or images,
- The signage's dark red background appears to be a different shade of red from the ECONO LODGE® Family of Marks signs,
- The building no longer has any red trim and is painted in a uniform gray-blue; and

WHEREAS, the Court notes that the overall impression of the two signs from simple observation suggests that the new signage is distinct from the ECONO LODGE® Family of Marks, and that there is unlikely to be any confusion with regards to Defendants' affiliation with Choice Hotels or the ECONO LODGE® Family of Marks by an ordinary consumer; and

WHEREAS, Plaintiff has not brought any evidence of actual confusion arising from the use of the new signage at Defendants' property; and

WHEREAS, Defendants assert that they are complying with the Order, and while it is understood that Plaintiff would *prefer* Defendants not use the red and white color combination, that combination alone is in of itself not indicative of nor protected by the ECONO LODGE® Family of Marks, nor is the use of red and white color prohibited by the Court's Order; and

WHEREAS, other factors, such as the building itself being painted a gray-blue color, further distinguishes the property from Plaintiff's brand; and

THEREFORE, THE COURT FINDS that Defendants' new signage as reproduced in Plaintiff's March 14, 2025 letter, (ECF No. 103), is sufficiently dissimilar from Plaintiff's ECONO LODGE® Family of Marks; and

5

The Court is unable to discern exactly when Defendants came into compliance with the Court's Order because the most recent submission by Plaintiff, (ECF No. 103), provides undated but updated images of Defendants' signage. Nonetheless, the Court finds that this most recent submission of updated signage is sufficiently dissimilar from Plaintiff's ECONO LODGE® Family of Marks, and thus the Court finds that Defendants are now in compliance with the Court's Order.

THEREFORE, for the foregoing reasons, and for good cause shown,

IT IS HEREBY on this 27th day of March, 2025,

**ORDERED** that Plaintiff's Motion to hold Defendants in Contempt is **DENIED.**

KAREN M. WILLIAMS
United States District Judge

6